Wachtler, J. (dissenting).
Despite the majority’s assertion that the petitioners may resort to an alternate route, i.e., direct appellate review, it is highly unlikely that such a denial would, on review, be considered as prejudicing a substantial right. This is particularly true in light of the probable incompleteness of the record.
I agree with the courts below that the present proceedings were properly brought under the provisions of CPLR article 78 *750 to challenge the refusal of the respective Judges of the Civil Court to grant such requests. The denial in each case has been found to have been based not in the exercise of discretion but in the ministerial execution of a peremptory administrative order of general application issued by the Administrative Judge. To the extent that the petitioners are seeking to compel a public official to perform a duty required by law, this case presents an article 78 in the nature of mandamus in its most classic sense. As such the requirement of finality and the ban on article 78 review of civil judicial proceedings are not applicable (8 Weinstein-Korn-Miller, NY Civ Prac, pars 7801.06, 7801.07) and the extraordinary remedies under article 78 should be invoked.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Cooke concur in Per Curiam opinion; Judge Wachtler dissents and votes to affirm in an opinion in which Judge Fuchsberg concurs.
In each case: Order reversed, without costs, and petitions dismissed.